[L. A. No. 3545. In Bank.—February 8, 1916.]

COUNTY OF SAN BERNARDINO, Appellant, v. STATE BOARD OF EQUALIZATION OF THE STATE OF CALIFORNIA and PACIFIC FRUIT EXPRESS COMPANY (a Corporation), Respondents.

TAXATION—EXEMPTION FROM LOCAL TAXATION—PROPERTY USED IN REFRIGERATION AND PRE-COOLING.—Under section 14 of article XIII of the constitution of California, the property of an express company, which owns, prepares, and operates freight-cars and supplies refrigeration and cars to a railroad company for certain considerations, such property consisting of land and a manufacturing, precooling, and repairing plant situated thereon, used for manufacturing ice and icing and pre-cooling perishable products, and shipping them in cars over the railroad, and repairing such cars, all of which was done under its contract with the railroad company, is "operative" property, and is not the subject of local taxation.

ID.—CONSTRUCTION OF STATUTE.—The act approved April 1, 1911 (Stats. 1911, p. 530), is not one providing for an exemption of property from taxation, deserving a strict construction, but rather provides for a change in the method of taxation.

ID.—PRE-COOLING A PART OF THE TRANSPORTATION OF PERISHABLE ARTICLES.—The functions of manufacturing ice, pre-cooling and repairing cars, etc., are so intimately connected with the furnishing of refrigerated carriage of perishable articles as to be, in contemplation of law, a part of the transportation itself.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

R. B. Goodcell, for Appellant.

Henley C. Booth, for Respondents.

MELVIN, J.—The state board of equalization held that certain property of the Pacific Fruit Express Company, located at Colton, and comprising a "pre-cooling plant," was exempt from local taxation because of the provisions of section 14 of article XIII of the constitution of this state. Being dissatisfied with the decision of the board, the authorities of San Bernardino County decided to test the correctness of the conclusion reached by the equalizers, and the result was this action founded upon an agreed statement of facts, pursuant to the provisions of section 1138 of the Code of Civil Procedure. The superior court sustained the action of the state board of equalization holding the property not subject to local taxation and this appeal is from the judgment.

By the agreed statement of facts it appears that the Pacific Fruit Express Company comes within the meaning of paragraph "A" of section 14 of article XIII of the constitution, and of the act approved April 1, 1911, providing for the separation of state from local taxation (Stats. 1911, p. 530), and that said company, being a car company operating in this state, pays three per centum of its gross receipts as prescribed by that act. From the statement we also learn that the express company prepares and operates cars of its own, and that under a contract with the Southern Pacific Company it agrees, for certain considerations, to supply the railroad company refrigeration and refrigerator-cars as the said Southern Pacific Company may require. The property sought to be submitted to local taxation belongs to the Pacific Fruit Express Company, and consists of land and a manufacturing, pre-cooling, and repairing plant located thereon, which, with the personal property therein contained, is used by the said express company for the following purposes:

"The manufacture of ice for the icing and re-icing of refrigerator-cars containing perishable commodities transported by Southern Pacific Company; the pre-cooling of perishable commodities in cars owned by said Pacific Fruit Express Company for the purpose of putting such commodities into proper condition to be transported over the rails of said Southern Pacific Company; the repair of cars used for the transportation of perishable commodities and belonging to said Pacific Fruit Express Company; the tracks necessary to and which do connect said plant with the railroad of said Southern Pacific Company; said services of icing, re-icing,

pre-cooling, and repairing were and are all done and performed by said Pacific Fruit Express Company in the carrying out of its contract with said Southern Pacific Company.''

The sole question before us therefore is whether in contemplation of law the property described in the quotation above is ''operative property.'' Section 8 of the statute of 1911, to which reference is made above, defines ''operative property'' which is exempted from local taxation by the terms of the act. In the case of express companies this includes the franchises, cars, trucks, wagons, horses, harness and safes, and in the case of refrigerator-car companies the definition covers the franchises, cars, and other rolling stock. But section 8 of the act also contains the following language:

''Provided, that the operative property òf the companies enumerated in this section, shall also include any other property not above enumerated that may be reasonably necessary for use by said companies exclusively in the operation and conduct of the particular kinds of business enumerated in section two of this act.'' This is merely the legislative definition of the ''other property'' specified in the constitutional provision under which the statute was passed. Even without the statute the expression in the constitution would sustain this judgment. That the property here described comes within this definition we are fully persuaded.

Appellant's counsel insists that the statute of 1911 is one providing for an exemption of property from taxation, and that therefore it should be strictly construed. But the constitutional and statutory provisions for taxing the property of certain corporations by collecting a per centum of their gross earnings is not an exemption. It is merely a change in the method of taxation. We need not here discuss this matter elaborately, because the origin and purpose of such taxes have been fully considered by this court in an opinion written by Mr. Justice Henshaw, in *Pacific Gas & Electric Co.* v. *Roberts,* 168 Cal. 423, [143 Pac. 700]. The words relieving public service and certain other corporations from local taxation must be given fair and reasonable interpretation ''without any definite leaning to the side of the taxing power.'' (*City and County of San Francisco* v. *Pacific Telephone and Telegraph Co.,* 166 Cal. 249, [135 Pac. 971] ; *Hartford Fire Insurance Co.* v. *Jordan,* 168 Cal. 270, 285, [142 Pac. 839].) This court has followed the liberal interpreta-

tion given by the supreme court of the United States to the
federal Workmen's Compensation Act in classifying instru-
mentalities which are used in interstate commerce. (*South-
ern Pacific Co.* v. *Pillsbury*, 170 Cal. 782, [151 Pac. 277].) A
similarly broad and reasonable policy should be followed in
deciding questions relating to property which the state claims
the exclusive right to tax. The prime requisite for property
properly classified as "operative" is that it shall be used in
the conduct of the business of one of the corporations enu-
merated in subdivision (a) of section 14 of article XIII of
the constitution. (*Lake Tahoe Ry. etc. Co.* v. *Roberts*, 168
Cal. 553, [143 Pac. 786].) It will be seen that all of the
property here in question is so employed. The express com-
pany is engaged in the business of shipping in refrigerated
cars and furnishing such cars to the railroad company, and
its plant for pre-cooling, repairing, etc., is an essential part
of its equipment.

There is no force in the argument of appellant's counsel,
that under the rule designated by the expression *ejusdem
generis*, the general words of the constitution and the statute
with respect to "other property" are limited by the previous
enumeration of specific things. He says that the land and
the "pre-cooling plant" not being of the same nature and
quality as franchises, cars, rolling stock, wagons, horses, har-
ness and safes, are not within the meaning of the words
"other property." In *Pacific Gas & Electric Co.* v. *Roberts*,
168 Cal. 423, [143 Pac. 700], it was held that motor vehicles
used exclusively by a public service corporation in its busi-
ness are exempt from the tax provided by the "Motor Vehicle
Act." The measure of the taxing power of the local authori-
ties, applied in all of the cases, is not the *quality* or the *nature*
of the property so much as its *use*. For example, in *San
Diego & Arizona Railway Co.* v. *State Board of Equalization*,
165 Cal. 561, [132 Pac. 1044], the *use* and not merely the
kind of property governed our conclusion that it was "oper-
ative." The interstate commerce commission has held that
where a common carrier undertakes the transportation of
perishable commodities in refrigerated cars the icing and,
when necessary, the re-icing of the cars are just as essential
as the hauling of the freight—that the ice is not merely an
incident to the service of transportation, but is a *part of the
service itself* and is inseparable therefrom. (*In re Charges*

*for the Transportation and Refrigeration of Fruit,* 11 Interstate Commerce Com. Rep. 129.) In the case at bar the functions performed by means of the Pacific Fruit Express Company's property in San Bernardino County are all so intimately connected with the furnishing of refrigerated carriage of perishable articles as to be, in contemplation of law, a part of the transportation itself.

Even under statutes exempting railroad property from taxation (which according to the authorities must be strictly construed), buildings, repair-shops, and other instrumentalities reasonably incident to the proper and convenient carriage of passengers and commodities are included within the exemption. (See 37 Cyc. 918, and cases cited.) And there is stronger reason why similar adjuncts to the safe transmission of products requiring refrigeration should be removed from the local taxing power by the constitutional and statutory provisions which we have before us in this case, because we are bound to give them liberal construction.

The judgment is affirmed.

Henshaw, J., Shaw, J., Sloss, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.